UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

07 C 0686 S

Kevin Kasten,

Court File No._____

      Plaintiff,

v.

Saint-Gobain Performance Plastics Corporation,

      Defendant.

COMPLAINT
(JURY TRIAL DEMANDED)

Plaintiff, by his attorneys Nichols Kaster & Anderson PLLP, and Fox & Fox, S.C., brings this action for violations of the Fair Labor Standards Act. Plaintiff states the following against Defendant:

## JURISDICTION AND VENUE

1. This action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. (2007) ("FLSA"). Therefore, the Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331 (2007).

2. Venue is proper under 28 U.S.C. § 1391(b) because the events or omissions giving rise to the claims occurred in the Western District of Wisconsin.

## PARTIES

3. Defendant Saint-Gobain Performance Plastics Corporation ("Defendant") is a corporation that manufactures a variety of structural and high-performance materials

(ceramics, glass, plastics, silicone, etc.), with its principle place of business in Ohio and its registered address at 2664 Gilchrist Road, Akron, Ohio. Defendant operates a facility in Portage, Wisconsin.

4. Plaintiff Kevin Kasten ("Plaintiff") is an adult individual who resides in Portage, Wisconsin.

5. During all relevant times herein, Plaintiff was an "employee" of Defendant, and Defendant was Plaintiff's "employer" within the meaning of the FLSA.

## FACTUAL ALLEGATIONS

6. Plaintiff Kevin Kasten worked at Defendant's Portage, Wisconsin facility from September, 2002 until Defendant terminated his employment in December, 2006. Plaintiff initially worked for Defendant as a Fabricator, but was promoted to a Mill Room Utility position, and later a Setup Utility position.

7. In all of the above positions, Plaintiff was an hourly employee of Defendant, and was required to clock-in prior to beginning his work shift and prior to resuming his work shift following lunch breaks. Plaintiff was required to clock-out at the end of his work shift and prior to commencing his lunch breaks.

8. Defendant located the time-clocks inside the shop area of the Portage, Wisconsin facility, beyond the employee entrance, employee locker rooms, and gowning areas of the facility.

9. Plaintiff and his coworkers performed unpaid work at the beginning of each shift before they were able to clock-in, and again before clocking back in after lunch

2

breaks, including, but not limited to, donning protective gear and sanitizing their hands. Plaintiff and his coworkers also performed unpaid work before lunch and at the end of the scheduled shift, including, but not limited to, doffing the protective gear after clocking out.

10. In the Setup Utility position, Plaintiff was often stopped on his way to the time-clock by other employees needing his assistance, and as a result, he was late clocking-in due to handling other employees' requests. Because he was late clocking-in following a lunch break in late November, Defendant ordered Plaintiff's temporary disciplinary suspension.

11. In October and November 2006, Plaintiff told a Shift Supervisor, April Luther, that he was planning to seek legal counsel to pursue legal action based on Defendant's refusal to pay Plaintiff and his coworkers for time spent donning and doffing protective gear, and sanitizing their hands.

12. In approximately late November or early December 2006, Defendant held a meeting with Plaintiff to discuss his disciplinary suspension. In the meeting with Defendant, Plaintiff informed Human Resources Director Dennis Brown and others present that he believed it was illegal for Defendant to keep the time clock in the shop area and to deny earned wages to employees.

13. In approximately late November or early December 2006, Plaintiff also informed Human Resources Generalist, Lani Wruck, that the location of the time clocks and Defendant's denial of earned wages to employees were illegal.

14. Also in approximately late November or early December 2006, Plaintiff told Production Manager, Dennis Woolverton, and Shift Supervisor, April Luther, that if the location of Defendant's time clocks and Defendant's pay practices underwent legal challenge, "they'd lose."

15. In approximately early December 2006, Defendant's Human Resources Manager, Dennis Brown, called Plaintiff and informed him that Defendant was going to terminate his employment.

16. Plaintiff later received a letter from Defendant stating that the effective date of his termination was December 11, 2006.

17. Defendant terminated Plaintiff's employment because he complained about and indicated his intent to pursue legal action on the basis of Defendant's alleged violations of the FLSA.

18. Plaintiff suffered damages as a result of Defendant's violations of the FLSA.

## COUNT I
### Violation Of The Fair Labor Standards Act

19. Plaintiff re-alleges Paragraphs 1 through 18 of this Complaint as if repeated completely.

20. Defendant violated the FLSA, 29 U.S.C. § 215(a)(3), by terminating Plaintiff's employment because Plaintiff made a complaint and indicated that he planned to take legal action against Defendant relating to Defendant's alleged violations of FLSA provisions, 29 U.S.C. §§ 206-207.

21. This violation occurred within the statutory period prescribed by 29 U.S.C. § 255(a).

22. Section 216(b) of the FLSA makes any employer who violates section 215(a)(3) liable for such legal and equitable relief as is appropriate to effectuate the purposes of that section, including without limitation, employment, reinstatement, promotion, the payment of lost wages as well as an additional equal amount as liquidated damages, costs, and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kevin Kasten prays for judgment against Defendant as follows:

1. Judgment against Defendant for an amount equal to Plaintiffs' back pay and front pay in lieu of reinstatement;

2. Damages for lost benefits;

3. An amount equal to lost wages as liquidated damages;

4. An award of prejudgment interest;

5. Costs and attorneys' fees; and

6. Such further relief as the Court deems equitable and just.

Dated: 12/3/07

NICHOLS KASTER & ANDERSON, PLLP

By /s/ Adrianna Haugen
James H. Kaster     MN Bar # 53946
                    WI Bar # 78918
Sarah M. Fleegel    MN Bar # 34557X
   (admitted in Western District of WI)
Adrianna S. Haugen WI Bar #1064788
4600 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Office: (612) 256-3200
Fax: (612) 338-4978
E-mail: haugen@nka.com

FOX & FOX, S.C.
Michael R. Fox      WI Bar # 01015173
Randall B. Gold     WI Bar # 1034435
124 West Broadway
Monona, Wisconsin 53716
Office: (608) 258-9588
Fax: (608) 258-9105

ATTORNEYS FOR PLAINTIFFS