## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

Kevin Kasten,

        Plaintiff,

v.                                  Case No. 07-C-0686

Saint-Gobain Performance Plastics Corporation,

        Defendant.

## JOINT PRETRIAL REPORT

Pursuant to the Court's Standing Order Governing Preliminary Pretrial Conferences, the parties held a Fed. R. Civ. P. 26(f) conference on July 6, 2011 by telephone. Present were James H. Kaster, counsel for Plaintiff Kevin Kasten, and Jeffrey McIntyre, counsel for Defendant Saint-Gobain Performance Plastics Corporation. The parties provide the following report of the Rule 26(f) conference and propose the following dates to the Court. The parties have provided separate proposals where they could not reach agreement.

### A.    INFORMATION REQUESTED BY THE COURT:

**1.    A concise statement of the nature of the case:** Plaintiff is a former hourly employee of Defendant who performed manufacturing and production work at Defendant's Portage, Wisconsin plant. Plaintiff alleges that he orally complained to supervisors that the location of certain time clocks in the plant were illegal and that he was terminated in retaliation for his alleged oral complaints. Plaintiff therefore claims

that he is entitled to back pay and front pay in lieu of reinstatement, damages for lost benefits, liquidated damages, prejudgment interest, costs and attorneys' fees, and other applicable equitable or legal relief for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq* ("FLSA").  Defendant denies Plaintiff's alleged oral complaints gave it fair notice of any FLSA violation, denies Plaintiff's allegations of retaliation and instead asserts that Plaintiff was terminated under its progressive disciplinary program for violating the Defendant's time clock "punch" policies.

This case returns to the District Court on remand from the United States Court of Appeals for the Seventh Circuit.  On June 18, 2008, this Court granted Defendant's motion for summary judgment on the basis that Plaintiff's alleged oral complaints, even if accepted as true, were not protected activities under the FLSA.  The Court did not reach Defendant's other arguments supporting summary judgment.  The Seventh Circuit affirmed the Court's judgment on appeal.  On March 22, 2011, the United States Supreme Court reversed the judgment of the Seventh Circuit and held that the anti-retaliation of the FLSA protects oral as well as written complaints by employees.  The Supreme Court held that "[t]o fall within the scope of the antiretaliation provision, a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection."  *Kasten v. Saint-Gobain Performance Plastics Corp.*, --U.S. --, 131 S. Ct. 1325, 1335 (2011).

The Supreme Court did not determine whether Plaintiff's alleged oral complaints gave "fair notice" to Defendant, but left it to the lower courts to decide this question.

Based on the record before this Court, Defendant submits that this Court can resolve the "fair notice" question on a renewed dispositive motion, and can also resolve this case on the grounds previously argued in its motion for summary judgment, but not reached by the Court. Plaintiff believes that his oral complaints satisfy the Supreme Court's "fair notice" standard, and submits that material factual disputes exist on the question of retaliation precluding summary judgment.

**2.     The names of any related cases:** There are no existing related cases.

**3.     A specific statement of the material factual and legal issues to be resolved at trial:**     The foregoing discussion regarding the status of the case highlights the critical material factual and legal issues to be resolved should a trial on the merits be necessary. The critical issues are whether Plaintiff's alleged oral  complaints gave Defendant fair notice of potential FLSA violations and, if so, whether Plaintiff was terminated in retaliation for such activity or whether Defendant terminated Plaintiff under its progressive disciplinary policy for time clock violations.

**4.     A description of any amendments to the pleadings that any party intends to make:** The parties do not foresee amendments to the pleadings at this time.

**5.     The identity of any new parties to be added, including an explanation as to why these parties must (or should) be added:** The parties do not foresee the need to add parties at this time.

**6.     The estimated trial length:** 3 – 5 days.

**7.     Any other matter affecting the just, speedy and inexpensive disposition of this case, or which the court should take into account in setting the schedule:** None at this time.

**B.     ADDITIONAL INFORMATION OUTLINED IN RULE 26(f):**

**1.     Initial Disclosures:**   The parties have completed the initial disclosures required by Rule 26(a)(1).

**2.     Discovery Plan.  The parties propose this discovery plan:**

**a. Discovery will be needed on these subjects:**   Discovery on liability issues is complete.   The parties anticipate the need for discovery on damages issues.

**b. Disclosure or discovery of electronically stored information should be handled as follows:** The   parties   have   already   agreed   on   the production of electronically stored information.

**c. The parties have agreed to an order regarding claims of privilege or of   protection   as   trial-preparation   material   asserted   after production, as follows:** The Parties agree to make ongoing good faith efforts to conduct any remaining discovery and meet and confer to resolve any discovery disputes, in an effort to avoid necessary intervention of the Court.

**d. Dates   for   commencing   and   completing   discovery,   including discovery to be commenced or completed before other discovery:**

Not applicable as to discovery on liability issues. The parties can prepare and serve discovery related to damages issues at any time.

e. **Maximum number of interrogatories by each party to another party.** The parties do not foresee a need to deviate from the number permitted by the Federal Rules of Civil Procedure.

f. **Maximum number of requests for admission, along with the dates responses are due:** The parties do not foresee a need to deviate from the number permitted by the Federal Rules of Civil Procedure. .

g. **Maximum number of depositions for each party:** The parties do not foresee a need to deviate from the number permitted by the Federal Rules of Civil Procedure..

h. **Limits on the length of depositions, in hours:** The parties do not foresee a need to deviate from the number permitted by the Federal Rules of Civil Procedure..

i. **Dates for exchanging reports of proponent and respondent damages expert witnesses:** Plaintiff proposes August 1, 2011 as the deadline for disclosure of proponent damages expert witnesses and reports. Defendant proposes November 7, 2011 as the deadline for disclosure of proponent damages expert witnesses and reports, and December 9, 2011 for disclosure of respondent damages expert witnesses and reports.

      **j.**   **Dates for supplementations under Rule 26(e):**  The parties propose the date of the discovery cut-off for final supplementation under Rule 26(e)..

**3.**    **Other Items:**

      **a.**   **A date if the parties ask to meet with the court before a scheduling order:**  The scheduling conference is scheduled for July 13, 2011 at 2:30 p.m. via telephone conference.

      **b.**   **Requested dates for final pretrial conference:** Plaintiff proposes October 14, 2011 as the date for the final pretrial conference. Defendant proposes April 6, 2012 at 4:00 p.m. for the final pretrial conference.

      **c.**   **Final dates for the plaintiff to amend pleadings or to join parties:** See above..

      **d.**   **Final dates for the defendant to amend pleadings or to joint parties:** See above..

      **e.**   **Final dates to file dispositive motions:**  Plaintiff proposes September 1, 2011 as the deadline to file any dispositive motions.  Defendant agrees with this proposed date.

      **f.**   **State the prospects for settlement:** The parties are engaged in ongoing settlement discussions.

g. **Identify any alternative dispute resolution procedure that may enhance settlement prospects:** The parties believe that mediation may be beneficial to enhance settlement prospects prior to trial.

h. **Final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists:** Plaintiff proposes October 14, 2011 as the date to file Rule 26(a)(3) witness lists, deposition designations and exhibit lists. Defendant proposes March 16, 2012 as the deadline to file and serve Rule 26(a)(3) witness lists, deposition designations, exhibits lists, and all motions in limine, proposed voir dire questions, proposed jury instructions and proposed verdict forms.

i. **Final dates to file objections under Rule 26(a)(3):** Plaintiff proposes November 1, 2011 as the date to file objections under Rule 26(a)(3). Defendant proposes March 30, 3012 as the date to file and serve responses in opposition to other party's Rule 26(a)(3) disclosures, motions in limine, proposed voir dire questions, proposed jury instructions and proposed verdict forms.

j. **Suggested trial date and estimate of trial length:** Plaintiff proposes November 15, 2011 as the trial date certain. Plaintiff estimates that trial will last five days. Defendant proposes a trial date of April 16, 2012 and estimates the parties will need 3 – 5 days for trial.

**k. Other matters:** Defendant proposes a discovery cut-off date of March
9, 2012.

Respectfully submitted by:

Date:  July 8, 2011                          NICHOLS KASTER, PLLP


s/ *James H. Kaster*
James H. Kaster          MN Bar # 53946
                         WI Bar # 1001474
Adrianna H. Shannon   MN Bar # 0387799
                         WI Bar #1064788
4600 IDS Center
80 South Eighth Street
Minneapolis, Minnesota  55402
Office:  (612) 256-3200
Fax:    (612) 338-4978
E-mail: kaster@nka.com
          shannon@nka.com

ATTORNEYS FOR PLAINTIFF




Date: July 8, 2011                          WHYTE HIRSCHBOECK DUDEK, S.C.


s/ *Jeffrey A. McIntyre*
Thomas P. Godar
Jeffrey A. McIntyre
33 East Main Street, Suite 300
Madison, Wisconsin  53705
Office: (608) 255-4440
Fax: (608) 258-7138

ATTORNEYS FOR DEFENDANT